**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4769

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES M. HALE, a/k/a James Malcolm Hale,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Michael F. Urbanski, Senior District Judge. (7:19-cr-00004-MFU-2)

Submitted: November 21, 2024                Decided: January 6, 2025

Before NIEMEYER, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Mary E. Maguire, Federal Public Defender, Benjamin Schiffelbein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant. Christopher R. Kavanaugh, United States Attorney, S. Cagle Juhan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James M. Hale appeals his conviction entered pursuant to a conditional guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  On appeal, he challenges the district court's denial of his supplemented motion to suppress the firearm seized from his pocket during the stop of a vehicle in which he was a passenger.[*]  For the following reasons, we affirm.

When reviewing a district court's ruling on a motion to suppress, we review factual findings for clear error and legal conclusions de novo.  *United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2021).  We consider the evidence in the light most favorable to the government and "must also give due weight to inferences drawn from those facts by resident judges and law enforcement officers." *Id.* (internal quotation marks omitted).

The Fourth Amendment prohibits "unreasonable searches and seizures."  U.S. Const. amend. IV.  Accordingly, warrantless searches and seizures "are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *California v. Acevedo*, 500 U.S. 565, 580 (1991) (internal quotation marks omitted).  In *Terry v. Ohio*, 392 U.S. 1, 27 (1968), the Supreme Court

---

[*] We dismissed Hale's first appeal after he sought to challenge the district court's suppression ruling, finding that he had not entered a conditional guilty plea and therefore failed to preserve his right to appeal the suppression issue.  However, following a successful 28 U.S.C. § 2255 motion based on ineffective assistance of counsel in connection with his guilty plea, the district court allowed Hale to supplement his original motion to suppress and present additional argument and evidence.  After the district court denied Hale's motion as supplemented, Hale entered a conditional guilty plea that properly preserved his right to appeal the suppression issue, therefore allowing the instant review.

2

recognized that the police may constitutionally "conduct a brief, investigatory stop when [an] officer has a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000).  Once an officer is authorized to conduct a brief *Terry* stop, "then the officer may conduct a protective frisk, a pat-down of the person's outer clothing for weapons, so long as the officer reasonably believes that the person is armed and dangerous." *United States v. Curry*, 965 F.3d 313, 320 (4th Cir. 2020) (internal quotation marks omitted).

When reviewing the constitutionality of an investigatory stop, we consider whether the totality of the circumstances gave the officer a "particularized and objective basis for suspecting legal wrongdoing." *United States v. Mayo*, 361 F.3d 802, 805 (4th Cir. 2004) (cleaned up).  Reasonable suspicion requires more than an "inchoate and unparticularized suspicion or 'hunch'"; however, reasonable suspicion may be based on inferences made on the basis of police experience. *Terry*, 392 U.S. at 27.  Indeed, "law enforcement officers . . . may 'draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person.'" *United States v. Johnson*, 599 F.3d 339, 343 (4th Cir. 2010) (quoting *United States v. Arvizu*, 534 U.S. 266, 273 (2002)).

Based on these principles, we discern no error in the district court's determination that the officers involved in the stop of Hale's vehicle had a reasonable basis for conducting such an investigatory stop.  Considering the totality of the circumstances—including the officers' observation of two suspected hand-to-hand drug transactions, the nuances of the involved parties' behaviors during these transactions, and the reputation of the area in

3

which these transactions occurred as a high drug and crime area—the officers had a reasonable, articulable suspicion that the occupants of the vehicle in which Hale was a passenger were involved in illegal drug activity.

Furthermore, we discern no error in the district court's determination that the subsequent frisk of Hale was lawful. It is well established that, after lawfully stopping a vehicle, an officer with reasonable suspicion that the occupants of the car are engaged in illegal drug activity "may, in the absence of factors allaying his safety concerns, order the occupants out of the vehicle and pat them down briefly for weapons to ensure the officer's safety and the safety of others." *United States v. Sakyi*, 160 F.3d 164, 169 (4th Cir. 1998). In this case, moreover, an officer observed Hale reach for his waistband, after Hale had refused to answer a question about whether he was carrying a gun. We conclude that the officers' observations of the suspected hand-to-hand drug transactions, combined with the smell of marijuana emanating from the vehicle and Hale's behavior during the stop, justified the frisk that yielded the firearm. Thus, the district court did not err in denying Hale's supplemented motion to suppress.

4

Accordingly, we affirm the district court's judgment.    We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*